## HILL ET AL., EXECUTORS, v. HILL.

[No. 6,851. Filed January 4, 1910.]

1. PARENT AND CHILD.—*Services.*—*Contracts.*—Parents are liable to their children where services were performed under an express contract to pay therefor, or, where the circumstances show the parents' purpose to pay, and the children's expectation to receive pay, therefor. p. 100.

2. PARENT AND CHILD.—*Services.*—*Contracts.*—*Evidence.*—Evidence showing that a daughter told her father that she was not satisfied, whereupon he told her he could do better for her at home than she could do "out in the world," and that she would be well paid for all she did there, supports a judgment rendered for services under an express contract. p. 100.

3. APPEAL.—*Weighing Evidence.*—On appeal the evidence most favorable to appellee, though contradicted, will be considered as true. p. 101.

4. APPEAL.—*Erroneous Instructions.*—*Curing by Interrogatories.*—Erroneous instructions given may be shown to be harmless by the answers to the interrogatories to the jury. p. 101.

From Dearborn Circuit Court; *William H. Bainbridge,* Special Judge.

Action by Mary E. Hill against Minerva Hill and others, as executors of the will of Abram Hill, deceased. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Givan & Givan* and *McMullen & McMullens,* for appellants.

*Thomas S. Cravens, John H. Russe* and *James W. Noel,* for appellee.

PER CURIAM.—Appellee filed a claim against the estate of her deceased father, represented by appellants as executors of the will, for services rendered as housekeeper for him during his life, averring that the services were rendered under an express agreement on his part to pay therefor. There was a jury trial, resulting in a verdict in appellee's favor, and with the general verdict answers were returned by the jury to certain interrogatories propounded to them.

The questions presented by the appeal arise on the overruling of appellants' motion for judgment in their favor on the answers to the interrogatories and motion for a new trial.

As we understand appellants' contention in support of their motion for judgment on the answer to interrogatories. it is that such answers affirmatively show that appellee, during all of the time the services charged for were rendered, was a member of her father's family, and that therefore there could be no legal right to recover for the services rendered, even though an express contract to pay for them was shown. This is not the law. Where persons are living together as members of the same family, and sustain to each other the relation of parent and child, there may be a liability to pay for services on the one hand, or for board and lodging on the other, if there be an express contract so to do; or if, notwithstanding such relationship, the services were rendered or the board and shelter furnished under such circumstances as show that there was a purpose on one hand to pay therefor and an expectation on the other that it would be paid for. The answers to interrogatories are not in conflict with the general verdict. They affirmatively show that the services were rendered under a contract between the parties by which appellee was to be paid therefor.

A vast number of questions are raised and discussed in appellants' brief, on the action of the court below in overruling appellants' motion for a new trial. As to the admission or exclusion of evidence, we have carefully examined the record, and find no reversible error in the action of the court in ruling upon the evidence.

The reason for a new trial most earnestly pressed upon our consideration is that the evidence is insufficient to sustain the verdict, and we are cited to the cases of Brown v. Yaryan (1881), 74 Ind. 305, Hays v. McConnell (1873), 42 Ind. 285, McClure v. Lenz (1907), 40 Ind. App. 56, Zimmerman v. Zimmerman (1889), 129

Pa. St. 229, 15 Am. St. 720, and *Dodson* v. *McAdams* (1887), 96 N. C. 149, 2 S. E. 453, 60 Am. Rep. 408, in support of such contention. There is a marked distinction between this case and the cases cited. In this case, there was the direct and positive testimony of one witness that in 1889, at a time when appellee was proposing to leave her father and go into the millinery business for herself, decedent said to her: "Elizabeth, are you not satisfied?" And she said: "No, father, I am not." He thereupon said: "Elizabeth, I can do better for you at home than you can do out in the world making your own way; you will be well paid for all you do here."

In considering this question, this court must treat this evidence as absolutely true, however much it may be in conflict with other statements made by the witness, or with the testimony of other witnesses, or with facts and circumstances. The evidence shows that appellee continued to stay with her father until his death. The jury was authorized to infer from this circumstance that, by the statement of her father, she was induced to stay, and was thus justified in finding the existence of an express contract to pay for the services.

It is urged also that the court erred in giving to the jury instructions four and five, asked by appellee. Instruction four is not susceptible of the construction given to it by appellants, and we find no objection to it.

The objection to instruction five is directed to the language: "If you find from a preponderance of the evidence that Abram Hill had promised the plaintiff to compensate her, or in not permitting her to leave, that she would be compensated for any services," etc. Whatever objectionable feature there may be to this instruction, it is rendered harmless by the answers returned by the jury to the interrogatories, in which it found that there was an express agreement made by the decedent to pay the appellee for her services.

We are unable to find any reversible error in the record presented in this case.

The judgment of the court below is affirmed.